# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT BOYLE | ) | PLAINTIFF |
| | ) | DEMANDS |
| Plaintiff, | ) | TRIAL BY JURY |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | Judge |
| | ) | |
| MICHAEL OLINO, ROBERT BAIKE, MARLO CALDRONE, and PAUL KAUPAS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | Magistrate |
| and | ) | |
| | ) | |
| VILLAGE OF PLAINFIELD, | ) | |
| | ) | |
| As Respondent In Discovery | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, ROBERT BOYLE, by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, MICHAEL OLINO, ROBERT BAIKE, MARLO CALDARONNE and PAUL KAUPAS, states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. § 1983, 28 U.S.C. § 1367, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1332(a)(1), 1332(c)(1), and 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief CALLILO, BAIKE and CALDRONE ("individual defendants") reside in the State of Illinois and the Northern District of Illinois.

4. Upon belief Defendant PAUL KAUPAS resides in Will County, Illinois and the Northern District of Illinois.

5. The events giving rise to the claims involved in this cause occurred in the Northern District of Illinois.

## PARTIES

6. Plaintiff is a resident of Will County, Illinois which is located in the Northern District of Illinois.

7. Upon belief, the individual defendants were, at all times relevant to this action, employed as law enforcement officers within Will County.

8. Upon belief, Defendant PAUL KAUPAS was, at all times relevant to this action, employed as Sheriff of Will County.

9. The individual defendants are sued in their individual capacities.

## FACTS

10. On February 4, 2010, Plaintiff called the Plainfield Police Department to make a complaint about his vehicle.

11. As a result of the aforementioned call, Plainfield police offices forced their way into Plaintiff's house and arrested Plaintiff.

12. Later that day, the Plainfield Police Department officers took Plaintiff to the Will County Jail.

13. Upon Plaintiff's arrival the individual defendant's mocked Plaintiff calling him

"fat", "faggot" and placed his face in a "toilet drain" soiled with feces and urine.

14. On February 11, 2010, while Plaintiff was still in Will County custody, the individual defendants strangled, and beat him.

15. As a result of this excessive use of force, Plaintiff was hospitalized for his injuries.

## COUNT I: 4th AMENDMENT: UNREASONABLE AND EXCESSIVE FORCE - UNDER 42 U.S.C. § 1983

16. Plaintiff restates and realleges all the statements made in paragraphs 10-15 of this Complaint as though fully set forth herein.

17. On February 11, 2010, the individual defendants used excessive force against Plaintiff.

18. The individual defendants violated Plaintiff's right to be free from unreasonable search and/or seizure when they used excessive force against him.

19. As a proximate result of this excessive force, Plaintiff suffered extreme physical and emotional harm.

WHEREFORE Plaintiff respectfully requests this Court enter judgment against the individual defendants and:

    a.    award compensatory damages in an amount not less than $75,000.00;
    b.    award punitive damages in an amount not less than $30,000.00
    c.    award Plaintiff his attorney's fees and costs, and;
    d.    grant Plaintiff such further relief as this Court deems equitable and just.

## COUNT II - *Monell* CLAIM AGAINST PAUL KAUPAS

20. Plaintiffs restate and reallege all the statements made in paragraphs 10-15 and 17-19 of this Complaint as though fully set forth herein.

21. The individual defendants acted pursuant to one or more of the following interrelated informal policies, practices and/or customs of Defendant Paul Kaupas and his Will County Jail personnel:

a) allowing and encouraging the Jail personnel to use excessive force against Jail inmates as a means of punishment, as a means of intimidation, as a means of control and/or simply as a means of obtaining personal gratification;

b) allowing and encouraging the filing of false reports, and giving false statements and testimony about said excessive force by Jail personnel;

c) failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control officers in their employ particularly when for years, the Village has known its officers engaged in misconduct during warrantless searches;

d) promoting, advocating and/or allowing the police code of silence, where officers refuse to report or otherwise cover-up instances of police misconduct despite their obligations under the law and police regulations. The code of silence also includes police officers remaining silent or giving false and misleading information to protect themselves or fellow officers from internal discipline, civil or criminal liability.

22. The interrelated policies, practices and/or customs as set forth above

were maintained by KAUPAS and his Jail personnel with deliberate indifference, proximately causing the injuries suffered by plaintiffs.

WHEREFORE Plaintiffs respectfully request that this Court enter judgment against PAUL KAUPAS, and:

a. award compensatory damages in an amount not less than $75,000.00;
b. award Plaintiff his attorneys' fees and costs; and
c. grant Plaintiffs such further relief as this Court deems equitable and just.

Respectfully submitted,

/s/ Scott T. Kamin

Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
53 W. Jackson Blvd
Suite 1028
Chicago, IL 60604
(312) 322-0077
Ill. Attorney No.: 6226855